UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLIN LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>JOSEPHINE IIGA, et al.,<br><br>           Defendants. | Case No. 16-cv-06407-JSC<br><br>**ORDER REASSIGNING CASE AND REPORT & RECOMMENDATION TO REMAND** |

Plaintiff brought this state-law unlawful detainer action against Defendant in the Superior Court of California for the County of Contra Costa seeking to evict Defendants from real property located in Oakland, California. Defendants Josephine Iiga, Leonard Parham, and Susan Robinson, representing themselves, removed the action to federal court. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court ordered Defendants to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 7.) Although ordered to respond to the OSC by November 23, 2016, Defendants have failed to do so.

Because Defendants have not yet filed a consent or declination to magistrate judge jurisdiction, the Clerk of the Court is ordered to REASSIGN this action to a district court judge. For the reasons explained below, this Court recommends that the case be REMANDED.

**DISCUSSION**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises

under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendants base removal on federal question jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. Defendants' allegation that "federal question exists here because Defendant's Answer, a pleading[,] depends on the determination of Defendant's rights and Plaintiff's duties under federal law" (*see* Dkt. No. 1 at 2) is of no moment because federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]") (emphasis in original); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Nor does it appear that the amount in controversy meets the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a). Further, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the civil cover sheet alleges that Defendants reside in Alameda County and are therefore a citizens of California. (Dkt. No. 1-1

2

1  at 1.) As Defendants are all "local," removal is improper on this basis as well.

2  Following the Court's OSC, Plaintiff filed a motion to remand and an ex parte application
3  to shorten time on the motion to remand. (Dkt. Nos. 8, 9.) Given Defendants' failure to respond
4  to the OSC regarding remand and the clear lack of subject matter jurisdiction on the face of the
5  complaint, there is no need to wait for further briefing or oral argument on those motions. *See*
6  N.D. Cal. Civ. L.R. 7-1(b). Remand is required.

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to Superior Court of California for the County of Contra Costa.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: December 5, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLIN LLC,<br>　　　　Plaintiff,<br>　　v.<br>JOSEPHINE IIGA, et al.,<br>　　　　Defendants. | Case No. 16-cv-06407-JSC<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on December 5, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Josephine Iiga
8208 Dowling Street
Oakland, CA 94605


Leonard Parham
8208 Dowling Street
Oakland, CA 94605


Susan Robinson
8208 Dowling Street
Oakland, CA 94605


Dated: December 5, 2016

4

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY